Harlan EVANS, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 1110.

United States District Court
S. D. West Virginia,
at Huntington.

June 19, 1962.

Robert E. Lusk, Williamson, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under 42 U.S. C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education, and Welfare. Plaintiff seeks to establish a period of disability under 42 U.S.C.A. § 416 (i) and a right to disability insurance benefits under 42 U.S.C.A. § 423. The final decision of the Secretary was that plaintiff was not entitled to the establishment of a period of disability or to disability insurance benefits, and the jurisdiction of this court is limited to a determination of whether that decision

was based on substantial evidence. 42 U.S.C.A. § 405(g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D.W. Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i) provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, D.C.S.D.W.Va., 182 F.Supp. 159. For an individual to be eligible for the establishment of a period of disability and for disability insurance benefits, the Act requires him (besides being under a "disability" as defined) to have met the special "insured status" contained therein. With respect to this plaintiff, it suffices to say that he will continue to meet the "special insured status" until at least September 30, 1962.

Plaintiff filed an application to establish a period of disability and for disability insurance benefits on February 23, 1961, alleging that he had become unable to work in June, 1958, (at age 39) because of trouble with his head and nervousness. Following unfavorable administrative determinations, plaintiff requested and received a hearing before a hearing examiner who considered the case de novo. On December 21, 1961, the hearing examiner rendered his decision, holding that plaintiff was not under a disability as defined in the Act. On January 24, 1962, the Appeals Council denied plaintiff's request for review of the hearing examiner's decision and that decision thus became the "final decision" of the Secretary, subject to the present judicial review.

■ The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that plaintiff, having the burden of proof, did not show himself to be unable to engage in any substantial gainful activity as a direct result of a medically deter- minable impairment which was expected either to result in death or to be of long-continued and indefinite duration.

■ There is medical evidence which is, at the least, substantial to show that plaintiff has no organic, systemic or orthopedic impairments which may be considered disabling, within the meaning of the Act. To the extent that the medical evidence is conflicting, the hearing examiner is the ultimate arbiter of the conflict and so long as his choice is based on substantial evidence the court may not disturb it. It should also be noted that plaintiff, in his brief, has admitted that his physical impairments are minor, and that these physical impairments " * * * are not of sufficient severity to be considered disabling." Plaintiff relies solely on his mental condition as the basis of disability.

■ Plaintiff has been under the impairment of below-normal intelligence all his life, but this has not prevented him from engaging in substantial gainful activity in the past. Plaintiff stated that he was forced to leave work because of mental "outbreaks" of some sort. On the other hand, one of plaintiff's supervisors, when contacted, stated that plaintiff had worked as a coal loader until the mine was closed, and that he had subsequently offered plaintiff a job which plaintiff refused. This is certainly in conflict with plaintiff's own claims, and is thus to be resolved by the hearing examiner. The Social Security Regulations No. 4, Section 404.1502(a) (5), 42 U.S. C.A.Appendix gives an example of the type of brain injury or abnormality which would constitute a "disability":

"Damage to the brain or brain abnormality which has resulted in severe loss of judgment, intellect, orientation or memory."

Section 404.1502(a) (6) gives an example of the sort of mental disease which would constitute a "disability":

"Mental disease (e. g., psychosis or severe psychoneurosis) requiring continued institutionalization or con-

stant supervision of the affected individual."

From the evidence it is clear that plaintiff's mental conditions do not begin to meet the above standards. In short, plaintiff, having the burden of proof, has failed to show a medically determinable impairment which was expected either to result in death or to be of long-continued and indefinite duration, which impairment was a direct cause of his being unable to engage in any substantial gainful activity. The decision of the Secretary, being based on substantial evidence, is affirmed.