**Charlie HALL, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 808.**

United States District Court
E. D. Kentucky,
Pikeville Division.

Dec. 24, 1963.

Ronald W. May, Pikeville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, for defendant.

SWINFORD, Chief Judge.

This is an action against the Secretary of Health, Education and Welfare for review of a decision denying the plaintiff disability benefits under the Social Security Act. 42 U.S.C. § 401 et seq. The Court has jurisdiction by virtue of 42 U.S.C. § 405(g) wherein it is provided that the district courts may review final decisions of the Secretary to determine whether they are supported by substantial evidence.

The plaintiff is a forty-nine-year-old former coal miner. He has not worked since 1960. His specific job in the mines was the operation of a conveyor belt by pushing buttons and otherwise working control levers. Plaintiff has only a third-grade education and can scarcely read or write. When he filed his application for disability benefits he stated that arthritis is his principal impairment.

The medical evidence in support of plaintiff's claim of disability is rather meager. While two doctors have stated the conclusion that the plaintiff is permanently and totally disabled, they do not elaborate on their specific findings as to his impairments or describe the diagnostic techniques used to arrive at their conclusions. While the opinion of a physician on the ultimate fact of disability may be competent as a means of describing the severity of the claimant's symptoms, it has little weight standing by itself. Hall v. Celebrezze, 6th Cir., 314 F.2d 686 (1963). The most comprehensive and detailed piece of evidence in the record is a report of an examination on the plaintiff performed by Dr. Merritt B. Shobe of the Miners Memorial Hospital at Wise, Virginia, on May 9, 1961. Dr. Shobe made x-rays and conducted tests and concluded that there was no evidence of generalized arthritis and that all that was necessary was conservative home treatment. The doctor indicated that there were some mild symptoms of chronic low back condition and stated that otherwise there were no abnormalities. The medical evidence confirms the findings of the Secretary in all respects.

The burden of proving that he is disabled was on the claimant and the evidence here does not support his claim.

Counsel for the plaintiff argues that evidence which shows that the plaintiff has sub-normal intelligence compels a different result. The plaintiff had a fairly regular employment history prior to 1960 and there is nothing to indicate that he has had a substantial diminution of his mental faculties since then.

The plaintiff and defendant have both moved for summary judgment and an order is this day entered overruling the motion of the plaintiff and sustaining the motion of the defendant.