**Theodore R. RIEMER**
v.
**SECRETARY OF HEALTH, EDUCATION & WELFARE.**
Civ. A. No. 2527.

United States District Court
D. New Hampshire.
June 8, 1966.

Eaton, Eaton & Ross, Clifford J. Ross, Manchester, N. H., for plaintiff.

Louis M. Janelle, U. S. Atty., Concord, N. H., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CONNOR, District Judge.

The plaintiff seeks review of the denial of disability benefits by the Secretary of Health, Education and Welfare under 42 U.S.C.A. § 405(g). Plaintiff claims permanent disability by reason of an injury to his back on September 14, 1962. After a hearing on May 20, 1964, the hearing examiner found the plaintiff not disabled within the meaning of 42 U.S.C.A. § 416(i). Plaintiff's appeal of that decision was denied by the Appeals Council and he seeks review by this court.

The term "disability" insofar as it is applicable to this case is defined both in section 416(i) (1) and section 423(c) (2) of 42 U.S.C.A. as follows:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *."

However, in reviewing the decision of the hearing examiner that the plaintiff was not disabled, the Court is limited to determining whether the administrative findings are adequate in law premised upon substantial evidence on the basis of the pleadings and the transcript of the record. 42 U.S.C.A. § 405(g).

The plaintiff is now sixty-four years old. He has a high school education and five months of vocational training in machine shop practice. He had worked as a door-to-door salesman, a parts inspector, an assembler of automatic checks

for lathers, a punch press operator and a stock clerk in a shoe factory before going to work for a linen service company. He claims that on September 14, 1962, he injured his back when he lifted a heavy basket of laundry and that he has been unable to work since that time.

He has consulted several doctors who have found lower back defects. He still is experiencing frequent pain and must take medication, including narcotics, to obtain relief. His activities have been sharply curtailed as he now claims he can perform only limited household chores. He no longer drives because of this discomfort and he spends a great deal of time lying down as that position offers him the most comfort.

The examining physicians found that plaintiff's back motion was slightly limited and indicated that the plaintiff had either degenerative arthritis or a ruptured disc. A myelogram was performed on March 31, 1964, indicating that there was a

> " * * * waist-like deformity of the dye column at the 2nd, 3rd and 4th intervertebral disc spaces. Narrowing of the 3rd lumbar intervertebral disc space is noted with osteophyte formation between L4 and L5. No localized extradural defects are noted. The area of the cauda equina is normal.
> "FINDINGS: Consistent with ridge-like defects in the dye column, particularly at the 2–3–4 lumbar disc levels."

Based on this myelogram, a diagnosis of lumbar spondylosis (an abnormal growing together or fusion of two or more vertebrae in the lumbar region) was made by Dr. W. R. Sisson, Jr.

The hearing examiner found that "[t]he narrowing of the intervertebral disc spaces would tend to explain claimant's pain and discomfort on moving about or remaining in one position for any substantial length of time." The plaintiff has complained of tremendous pain since September, 1962, and there is no evidence at all that this pain does not exist. The hearing examiner further found that "[i]n view of his back con-

dition, claimant could not engage in any substantial gainful activity requiring undue physical exertion or sustained mobility."

Pain, which is real to the sufferer and so intense as to disable him, can support a claim for disability benefits even though unaccompanied by objective symptons, Ber v. Celebrezze, 332 F.2d 293, 299 (2nd Cir. 1964), as pain is not considered a lesser type of disability. Blanscet v. Ribicoff, 201 F.Supp. 257, 261 (W.D.Ark.1962). To require a claimant to endure pain, no matter how severe, on the basis that it is not disabling unless it aggravates a condition, is contrary to the purpose of the Social Security Act which was designed to ameliorate some of the rigors of life. Page v. Celebrezze, 311 F.2d 757, 762 (5th Cir. 1963). In light of the hearing examiner's finding of the claimant's pain when he moves about or remains in one position for a period of time, the Court finds that this impairment is disabling within the meaning of the Social Security Act.

The hearing examiner seemingly relied on the fact that the claimant indicated that he was to have an operation on his back. Generally speaking, if an injury or impairment is remediable, the person is not disabled since the impairment must be one of "long-continued and indefinite duration." The hearing examiner found that "there is some indication in the record that surgical procedures will be resorted to in the near future and substantial relief should be afforded the claimant. Even if complete relief is not effectuated by contemplated surgery, the claimant's impairment must now be considered remediable until demonstrated to the contrary." The only evidence of a possible operation came from the claimant, whom Dr. Robert R. Rix found to have had his heart set on an operation. But he was only referred to the Robert Brigham Hospital in Boston by Dr. Robert E. Barkin. There is no indication in the record that the claimant's back condition could be remedied by an operation. Also it is

generally known that spinal operations are dangerous, entail much pain and suffering, and offer no certainty of cure or remedy. Cf., Ratliff v. Celebrezze, 338 F.2d 978, 981, 11 A.L.R.3d 1124 (6th Cir. 1964). On the basis of the record, the Court feels that the hearing examiner's finding that the claimant's condition is remediable is not supported by substantial evidence.

The hearing examiner found that the claimant could find "substantial gainful activity" in "many sedentary-type occupations where physical exertion and mobility are not required. Any improvement in his physical condition which might follow surgery would only serve to broaden the possible areas of employment." This is defective for several reasons. First, as the Court has already determined, there is not substantial evidence in the record to support a finding that claimant's condition could be improved by an operation. Second, the hearing examiner's finding fails to take into consideration an earlier finding that the claimant has pain upon moving or remaining in one position for a period of time. There seems to be little a man, having pain in these situations, could do especially in terms of "substantial gainful activity."

■■ The third reason the finding is defective is that, having found that the claimant could not return to his prior employment which involved physical exertion, the hearing examiner cannot rely upon "sedentary-type work" to support his findings that there is employment available. As the defendant had the burden of proving that there was employment available for the claimant, taking into consideration his age, education, training, physical capabilities, etc., the particular work the claimant is capable of performing and its availability to the claimant must be shown. Hall v. Celebrezze, 347 F.2d 939 (4th Cir. 1965); Henninger v. Celebrezze, 349 F.2d 808 (6th Cir. 1965); Ber v. Celebrezze, supra, 332 F.2d at p. 295. As this was not done here, the hearing examiner's find-

ings are not supported by substantial evidence.

The Court is of the view that the claimant has proved his disability to perform substantial gainful activity after the injury to his back on September 14, 1962, and that the defendant has not sustained its burden of proving that there is substantial and available employment which the claimant can perform. Defendant's motion for summary judgment is denied and the decision of the Secretary, being erroneous, must be reversed. Ratliff v. Celebrezze, supra; Holland v. Celebrezze, 238 F.Supp. 740 (W.D.S.C.1964).

It is, therefore, ordered that the decision of the Secretary in this case be and the same is reversed, with direction that judgment be entered for the plaintiff. The case is hereby remanded to the Department of Health, Education and Welfare which is instructed to grant plaintiff the disability payments he claims.