Thurman R. **BAKER**, Appellant,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Appellee.

No. 24254.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1968.

---

494

Larry Lambert, Wichita Falls, Tex., for appellant.

Martha Joe Stroud, Asst. U. S. Atty., Dallas Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before BROWN, Chief Judge, and BELL and THORNBERRY, Circuit Judges.

PER CURIAM:

In this appeal from an adverse judgment of the District Court sustaining the Secretary's Motion for Summary Judgment based upon the record made in the administrative proceeding disallowing a claim for disability freeze under 42 U.S. C.A. § 416(i) and for monthly disability benefits under 42 U.S.C.A. § 423, the sole question before us is whether substantial evidence supports the administrative decision. We agree with the District Court and affirm.

The Appellant traced his disability to an automobile accident in 1958, but the medical evidence entitled the administrative agency to conclude that he was not suffering from any physical or mental consequences of that occurrence. These medical conclusions were fortified by evidence showing no loss in actual earning capacity for a considerable time after the 1958 accident. Although there was medical evidence from one doctor that the claimant "should be considered for disability because of mental retardation" and from another who expressed the professional belief that the claimant "is, in effect, totally disabled because of his mental status and symptomatology," there was no evidence indicating that this was not, in effect, congenital in nature or that claimant's condition had changed in any respect subsequent to the 1958 incident or subsequent to 1959–1962 during which period he had had earnings substantially comparable to those of pre-1958. Crediting mental retardation, other evidence warranted the fact finder in concluding that it had not previously been disabling in nature, and without a change in it, such condition would hardly account for disability later on. This finding, inherent in the denial of benefits, makes it unnecessary for us to determine whether, as urged by the Secretary, we would hold as some courts have done that mental retardation is to be rejected as a basis for disability even where accompanied by objective physical impairments.[1]

Affirmed.

1. The Secretary cites: Hall v. Celebreeze, E.D.Ky., 1963, 238 F.Supp. 153; Evans v. Ribicoff, S.D.W.Va., 1962, 206 F.Supp. 97.