**Juan Rodríguez CRESPO**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. No. 663–68.**

United States District Court
D. Puerto Rico.

Aug. 21, 1969.

Luis F. Castillo, Hato Rey, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

## ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

This is an action under 42 U.S.C. § 405(g) to review the final adverse decision of the Secretary of Health, Education and Welfare denying the claim of Juan Rodríguez Crespo for disability insurance benefits. In his application for a period of disability and insurance benefits, filed a month after leaving his last job, this 59 year old plaintiff described his disabling impairment as stomach trouble and fixed July 4, 1967 as the date when he became unable to work due to such condition. Dissatisfied with the determination of his claim by the Social Security Administration, claimant requested a hearing before a hearing examiner stating he was entitled to benefits because he suffered from a stomach condition which produced severe abdominal pain and he could hardly eat. It was also alleged that he felt weak, dizzy, nervous and experienced severe low back pain which resulted in limitation of movement of his left leg. On the basis of the evidence presented the examiner concluded that "claimant was not prevented by a physical or mental impairment from resuming his former occupation in agriculture or engaging in other substantial gainful activity."

The record shows that plaintiff has fourth grade schooling with a work history of hard labor, specifically in agricultural and construction work. He complained of a back injury sustained in 1953 or 1954 which has caused him pain ever since. A month after this accident Rodríguez returned to construction work and according to his own testimony continued working until 1967 when he applied for Social Security benefits after undergoing surgery for a small duodenal ulcer at the Arecibo Municipal Hospital.

(Tr. p. 60) His condition on discharge was described as "recovered" and prognosis indicated as "good". (Tr. p. 58)

José A. Brito, a witness at the administrative hearing, attempted to testify as to the facts surrounding the present claim but lacked personal knowledge to do so. He openly admitted that he didn't know much about plaintiff's illness and disability.[1]

Plaintiff was examined at government expense by Dr. José R. Passalacqua on December 23, 1967. A complete physical examination revealed that the individual was well nourished with hemoglobin of 98%, lungs clear, a well healed scar, normal tendon reflexes and movement. No deformity of the spine was found. An X-ray study of the lumbo-sacral spine by Dr. J. R. Marchand reported moderately advanced spondylotic changes of the lumbar vertebrae and findings of degenerative discogenic disease. This report was made at the request of Dr. Passalacqua who indicated that the patient admitted that "the low back pain is not too important any more * * * and he was able to work in spite of it until he underwent surgery. His back bothers him only in certain positions. (Tr. p. 66) X-ray of the gastro-intestinal tract was essentially negative. Dr. Passalacqua commented that "other than fullness after ingestion of small amounts of food, he does not complain of other symptoms such as pain after eating (or on empty stomach) dizziness after food ingestion or diarrhea. He has not vomited ever since the operation. Does complain of abdominal tenderness which he attributed to insufficient nourishment due to little appetite and inability to ingest much food". (Tr. p. 65)

The last piece of medical evidence to be considered is a certificate signed on April 9, 1968 by Dr. Pascasio Laguillo, Director of the Arecibo Health Center, stating that plaintiff is unable to work due to his health condition. No further findings or information was adduced to sustain this conclusion other than indicating that claimant was operated in July of 1967 for a duodenal ulcer.

■ The Court, in fulfilling its restricted role on review, has carefully considered the record as a whole to determine whether the substantial evidence test has been met. The substantial evidence test is a limitation upon the reviewing court's scope. Walters v. Gardner, 397 F.2d 89 (6th Cir., 1968); Labee v. Cohen, 408 F.2d 998, 999 (5th Cir., 1969).

Claimant himself, despite the many aches and pains he complains of, is indecisive about his ability to engage in gainful activity. He discarded the job of fruit vegetable seller not for reasons of ailing health but because he had no one to sell to where he lived. (Tr. 29) When questioned whether he could perform the work of a janitor he answered he didn't know but he felt he couldn't even though he has not attempted to find work since December 1967. (Tr.

---

1. The following excerpt of the questioning of witness José A. Brito by the hearing examiner clearly demonstrates his lack of knowledge.
 Q. Do you know what the hearing is about this morning?
 A. I don't know exactly but I understand that he suffered an accident and became incapacitated to work.
 Q. When was the accident?
 A. I think it was close to a year ago. I'm not very sure.
 Q. He told us he didn't have an accident. He informed us that the accident was 15 years ago or more, but last year he underwent an operation on his stomach. When was the last time that Mr. Rodríguez worked?
 A. I don't know.
 Q. Do you know what his illness and disability is?
 A. I don't know that either. I don't know much about this.
 Q. Then how do you know that he cannot work?
 A. Because I go to the Ward where he lives and I have a close relationship with his daughter and according to what she has told me * * * "

27) He stated: "I get dizzy spells and my back hurts so much and headaches which are continuous and I spit blood[2] and a pain I get in my stomach and a pain in my kidneys * * * I don't know. If it were given to me, I would take it but without any responsibility on my part, on someone else's responsibility if anything should happen". (Tr. pp. 27 and 31).

 A claimant's subjective complaints are one of the factors to be considered in determining whether a disabling impairment exists. However, in the case at bar these complaints are not borne out by the medical evidence neither do they overcome the evidence on record which is substantial enough to establish that plaintiff is physically able to continue working. Claimant has failed to demonstrate that he is unable to engage in any substantial gainful activity by reason of a physical or mental impairment. That was his burden and it was not met. It is "only when a claimant shows that he is not able to return to his former work is there a necessity for an administrative showing of available work." Reyes Robles v. Finch, 409 F.2d 84 (1st Cir., 1969). In this case the burden of proof never shifted to the Secretary to prove availability of other jobs within claimant's particular competence, Townend v. Cohen, 296 F. Supp. 789 (W.D.Penn., 1969) for the requirements of proof of a disabling impairment within the meaning of the Social Security Act were not satisfied.

 After a careful scrutiny of the record the Court is of the view that the findings made by the Secretary of Health, Education and Welfare are supported by substantial evidence and therefore must affirm the administrative decision now on review.

It is so ordered.

---

2. In a Report of Disability Interview dated March 14, 1968 claimant again indicated that in the morning he would spit blood which disappeared upon washing his mouth. (Tr. p. 49)