**Regina Concepcion CANCEL, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 138–70.**

United States District Court,
D. Puerto Rico.

Aug. 6, 1971.

---

Virgilio Méndez-Cuesta, Rio Piedras, P. R., for plaintiff.

Wally de-la-Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

FERNANDEZ-BADILLO, District Judge.

Plaintiff Regina Concepción Cancel is before the Court seeking review under 42 U.S.C. § 405(g) of the decision of the Secretary of Health, Education and Welfare denying an application filed June 6, 1968 seeking to establish a claim for disability insurance benefits under the provisions of the Social Security Act.

Plaintiff asks the Court to decide whether from the record as a whole the decision of the Secretary that she has failed to establish her inability to engage in any substantial gainful activity by reason of alleged impairments is supported by substantial evidence. From the records submitted, plaintiff bases her claim for disability in that she had high blood pressure and a heart condition.

The evidence of record fully supports the denial of the claim. Plaintiff has not shown she has an impairment or a combination of impairments that render her unable to engage in substantial gainful activity, due to a medically determinable physical or mental impairment, as required by Sections 216 and 223 of the Social Security Act 42 U.S.C.A. §§ 416, 423; Reyes Robles v. Finch, 409 F. 2d 84 (1 Cir. 1969).

In order to establish entitlement to a period of disability and disability insurance benefits, plaintiff has the burden of establishing that she was unable to engage in substantial gainful activity by reason of a physical or mental impairment, the existence of which is dem-

onstrated by evidence supported by objective data obtained by medically acceptable clinical and laboratory techniques, at a time when she met the insured status requirements of the Act. Act § 223(d) (5); Reyes Robles v. Finch, 409 F.2d 84 (1 Cir. 1969); Henley v. Celebrezze, 394 F.2d 507 (3 Cir. 1968); Franklin v. Secretary of Health, Education and Welfare, 393 F.2d 640 (2 Cir. 1968); Crespo v. Secretary of Health, Education and Welfare, 303 F.Supp. 441 (D.P.R.1969). Plaintiff last met the insured status requirements of the Act December 31, 1969. Accordingly, to prevail, she would have to establish that she became unable to engage in substantial gainful activity prior to such date. Henry v. Gardner, 381 F.2d 191 (6 Cir. 1967), cert. den. 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), rehearing den. 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968); Seals v. Gardner, 356 F.2d 508 (5 Cir. 1966).

Despite plaintiff's numerous complaints, the medical evidence of record reveals that her main medical impairment is "moderate hypertension". There is no indication in the reports of any heart condition. In fact, Dr. Rivera-Biascochea diagnosed moderate hypertension with no definite evidence of cardiac involvement. He also reported that the electrocardiogram was normal and that X-ray revealed a normal size heart. Dr. Baez-Murphy reported "moderate and controlled hypertension." Although reference is made to a visual difficulty, it is clear that this is, in part, due to plaintiff's failure to wear the eye-glasses which were prescribed.[1]

■ The mere presence of high blood pressure is of course not in itself disabling. An impairment must not merely exist, it must be severe enough to cause an inability to engage in any substantial gainful activity. Gotshaw v. Ribicoff,

307 F.2d 840 (4 Cir. 1962), cert. den. Heath et al. v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963). There is no indication in any of the medical evidence that plaintiff was so restricted in her functions so as to indicate the existence of a severe impairment which might preclude her from engaging in substantial gainful activity. Moreover, it is significant that none of the doctors who examined plaintiff indicated that her activities should be restricted or that she was unable to work. If she was in fact unable to work, "surely some doctor would have been willing to make such a statement." Adams v. Flemming, 276 F.2d 901, 904 (2 Cir. 1960).

■ Plaintiff's vocational history demonstrates that she performed domestic work including the relatively non-strenuous duties of child care. As there is no evidence in the record showing that plaintiff could not return to work of the type she performed in the past, the Secretary's finding of non-disability must be affirmed since "it is clear * * * that he [plaintiff] must at least demonstrate that he is unable to do his former work". Dupkunis v. Celebrezze, 323 F.2d 380, 382 (3 Cir. 1963). See H.R.Rep.No. 544, 90th Cong. 1st Sess. 30 (1967); H.R.Rep.No.213, 89th Cong. 1st Sess. 88–89 (1965). Furthermore, where plaintiff has not demonstrated inability to return to employment similar to past vocations, it is not incumbent upon the Secretary to elicit vocational data bearing on the availability of alternative job opportunities. Laws v. Celebrezze, 368 F. 2d 640 (4 Cir. 1966); Smith v. Gardner, 361 F.2d 822 (6th Cir. 1966) Dupkunis v. Celebrezze, *supra.*

It is therefore ordered that the complaint be, and is hereby, dismissed. Judgment shall be entered accordingly.

---

1. Dr. Rivera-Biascoechea states in his medical report:
  "On the past three years she has developed progressive loss of vision. She was examined by an ophtalmologist two years ago who prescribed glasses, but she does not use them."
  See also p. 27 of the transcript.