**Angel Mercado SERRANO**

v.

**SECRETARY OF HEALTH, EDUCA-TION AND WELFARE.**

**Civ. No. 343–69.**

United States District Court,
D. Puerto Rico.

April 21, 1972.

Blas Ferraiuoli-Martínez, San Juan, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

MEMORANDUM and ORDER

FERNANDEZ–BADILLO, District Judge.

This plaintiff is before the Court seeking review of the decision of the Secretary of Health, Education and Welfare denying an application filed on February 29, 1968 to establish a claim for disability insurance benefits under the provisions of the Social Security Act. The case was remanded by order of May 18, 1970 to hold a new hearing in view of the fact that there was new evidence relative to claimant's condition after undergoing surgery for herniated discs.

Plaintiff has alleged that his disability stems from a fall he suffered which keeps him from sleeping. He claims that after the operation performed on March 24, 1969, three years and a half after the alleged accident, he feels numb in the right leg, with pain in his head and neck.

It is clear from the provisions of the Social Security Act, that for a plaintiff to be disabled, it is not enough that he merely have an impairment, but that the impairment must deprive him of his capacity for work to the extent that he is unable to engage in any substantial gainful activity. Robles v. Finch, 409 F.2d 84 (1 Cir. 1969); Crespo v. Secretary of Health, 303 F.Supp. 441 (D.P.R. 1969).

The record fails to support plaintiff's claim for disability insurance benefits

on a disability which, as alleged, prevented him from working since September 2, 1965, at the age of thirty.

As revealed by the first certified transcript plaintiff was examined by Dr. E. Colom Alemañy, neurologist, who noted a right foot equino varus, the left foot thinner than the right one, a defect brought from birth. Plaintiff was found to be able to sit normally, to squat ⅓ of the way down without pain, and to suffer low back pain when bending over 45 degrees (Tr. 112–114).

On September 3, 1968 plaintiff was examined by Dr. Víctor Cardona, orthopedic surgeon who found him able to bend to 50 degrees although he could not squat, stoop or kneel. He reported herniated discs at lumbar level.

■ On May 13, 1969 Dr. Ricardo Cordero the neurosurgeon of the State Insurance Fund who had operated on plaintiff two months before reported that there was only moderate limitation of the trunk movements. Plaintiff was recommended post-operatory physiotherapy for a six-week period. On August 5, 1969 claimant was again examined by Dr. Cordero who specifically stated that the area involved in the operation was in fully satisfactory conditions, the trunk movements were within normal limits and that his condition after surgery was favorable and he should be discharged, fixing the corresponding disability.[1]

The medical certificate of Dr. Armando Pérez-Soto, general practitioner, indicates that claimant "is and has been for several years now completely incapable to perform in any sort of gainful employment" (Tr. p. 245). Suffice it to say that plaintiff himself testified at the hearing that said physician saw him only once on October 27, 1970, one week before the remand hearing was held.

Petitioner never returned to his office after obtaining the certificate (Exh. 24).

Mr. Paul Norman, Senior, vocational expert, testified that there were unskilled jobs of a light, sedentary nature within the functional capacities of the claimant.

■ Establishment of entitlement to the benefits claimed is the burden of the plaintiff and in the instant case, he has failed to carry the burden. Henry v. Gardner, 381 F.2d 191 (6 Cir. 1967); Stumbo v. Gardner, 365 F.2d 275 (6 Cir. 1966); May v. Gardner, 362 F.2d 616 (6th Cir. 1966); Centeno Ríos v. Secretary of Health, 312 F.Supp. 1330 (D.P.R.1970). The medical evidence has failed to show that plaintiff has been rendered unemployable. Stillwell v. Cohen, 411 F.2d 574 (5 Cir. 1969); Knox v. Finch, 427 F.2d 919 (5 Cir. 1970); Osborne v. Cohen, 409 F.2d 37 (6 Cir. 1969); Hall v. Gardner, 403 F.2d 32 (6th Cir. 1968); Willis v. Gardner, 377 F.2d 533 (4th Cir. 1967).

■ The statutory requirements of Section 223(d) (3) of the Social Security Act, as amended (42 U.S.C. § 423(d) (3), that an impairment, to be considered disabling has to be demonstrated by medically acceptable clinical and laboratory techniques, have not been met. Robles v. Finch, 409 F.2d 84 (1st Cir. 1969); Labee v. Cohen, 408 F.2d 998 (5th Cir. 1969); Dvorak v. Celebrezze, 345 F.2d 894 (10 Cir. 1965); Toledo v. Secretary of Health, 308 F.Supp. 192 (D.P.R.1970).

Plaintiff is not, therefore, under a disability for Social Security benefit purposes.

It is therefore ordered that the complaint be and it is hereby dismissed.

---

1. The fact that after the operation disability was increased to 40% is not binding upon the Secretary who must make his determination according to the standards and requirements provided by the Social Security Act.