**Heraclio Diaz DIAZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 565–72.**

United States District Court,
D. Puerto Rico.

Oct. 17, 1973.

**464**

Francisco Garcia Arache, Rio Piedras, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This action is brought to us under Section 205(g) of the Social Security Act (hereinafter the Act), to determine whether the Secretary's decision denying this plaintiff disability insurance benefits under the Act, Title 42, United States Code, Section 401 et seq., is supported by substantial medical evidence in the record.

The plaintiff filed this application of disability benefits on March 11, 1970, alleging he became disabled on June 17, 1966 because of "arthritis, heart and nerves" (Tr. 23). A hearing was held on September 8, 1971 after which his application was denied in a final administrative manner on May 5, 1972. The plaintiff met the special earnings requirement of the Act through December 31, 1971, Title 42 United States Code, Section 416(i).

This plaintiff filed a previous application for disability benefits on December 23, 1964, and supplemented said application with a second application dated March 3, 1965. The combined application was denied by the Secretary through all administrative appellate levels and affirmed by the United States District Court for the District of Puerto Rico by Order dated July 24, 1967 (Tr. 7, 8) (Civil No. 76–67). A second application was made by this plaintiff on May 25, 1968 and was denied in a final administrative manner on June 26, 1969 (Tr. 145–146).

■ While the Government argues that the doctrine of res judicata should preclude our considering any medical evidence relating to this plaintiff's prior applications, we consider it more in keeping with the remedial purpose of the Act to adopt a less stringent view. Riemer v. Secretary of Health, Education and Welfare, D.C., 274 F.Supp. 478. As we stated in Lopez v. Secretary of Health, Education and Welfare, D.C., 342 F.Supp. 778, when an examiner is contemplating dismissal based on res judicata he must also consider whether the case is a proper one for reopening under 20 C.F.R. 404.957 and 404.958, Title 42, United States Code, Regulations 404.957 and 404.958. Thus new medical evidence, submitted after June 26, 1969 should not be evaluated by itself but should instead be looked at in relation to medical evidence previously considered by the Secretary to see if the picture taken as a whole paints the existence of a disability severe enough to preclude realization by this plaintiff of "substantial gainful activity" as this term is defined in the Act, Title 42, United States Code, Section 423.

We have duly reviewed the medical evidence in the abovementioned manner and find that the hearing examiner's decision in relation to this case is reasonable and, is therefore entitled to affirmance. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

On May 4, 1965, Dr. Jorge Acevedo Defillo, in response to this plaintiff's complaints of chest pain, stated that he could not diagnose organic heart disease and held this plaintiff was in no acute distress (Tr. 98).

On June 9, 1969, in response to this plaintiff's complaints of pain in the back, Dr. Lionel Rogel Lopez stated the following: "He is well developed, and does not appear to be acute or chronically ill." There is a normal range of motion (in the cervical spine) (Tr. 161).

Dr. Miguel Laforet Ballester diagnosed this plaintiff on November 17, 1970 and stated he was "in no apparent acute distress". (Tr. 188). Dr. Sergio Delgado Muñoz stated on November 12, 1971 that this plaintiff's "functional capacity appears unimpaired." (Tr. 210).

With regard to this plaintiff's possible mental incapacity, Dr. John L. Simon stated on June 10, 1970, that "this patient has multiple complaints of physical disabilities. However, I am not impressed that these really represent somatic delusions . . . I rather think that the patient may fit within the broad category of normal from a mental standpoint." (Tr. 185).

 As the Government correctly points out in its brief, while the opinion of a physician on the ultimate fact of disability may be competent evidence, Hall v. Celebrezze, D.C., 238 F.Supp. 153, it is for the Secretary as trier of facts to render a decision based on the entire record of the case, and in so doing, he must resolve any conflicts in the medical evidence. Vineyard v. Gardner, 8 Cir., 376 F.2d 1012.

In the case at bar, the hearing examiner asked the vocational expert whether this plaintiff, based on the medical report most favorable to him, could perform substantial gainful activity (Tr. 61). Dr. Lionel Rogel Lopez had stated on May 12, 1971, that this plaintiff "can not walk for prolonged periods, and he bends and kneels with painful discomfort." (Tr. 198).

The vocational expert stated that given said condition, there were still available jobs of a sedentary nature that this plaintiff could perform adequately (Tr. 61, 62). It has long been established that in order to qualify for disability insurance benefits under the Act, an impairment must not merely exist, but must be severe enough to cause an inability to engage in *any* substantial gainful activity. Cancel v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 328 F.Supp. 1356.

Plaintiff's counsel argues, however, that his client should be considered disabled for purposes of the Act, because given his physical condition no employer will hire him. Nevertheless, this Court has decided that in determining whether a claimant is entitled to disability benefits, the standard is not inability to be hired, but complete inability to work. Rosario v. Secretary of Health, Education and Welfare, D.C., 324 F.Supp. 1321.

Keeping these principles of law in mind, and based on a fair resume of all the medical evidence in the record, we are of the opinion that the Secretary's decision is reasonable and is entitled to affirmance, Richardson v. Perales, supra.

It is so ordered.