**Hobart C. WARE, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2877.**

United States District Court,
W. D. North Carolina,
Asheville Division.

June 18, 1970.

J. William Russell, of Uzzell & DuMont, Asheville, N. C., for plaintiff.

Keith S. Snyder, U. S. Atty., W. D. of N. C., Asheville, for defendant.

MEMORANDUM OF DECISION.

WOODROW WILSON JONES, Chief Judge.

This is a civil action instituted by the plaintiff on June 28, 1968, pursuant to Section 205(g) of the Social Security Act, as amended [42 U.S.C.A. § 405(g)], to obtain court review of the final decision of the Secretary of Health, Education, and Welfare, on his claim for Social Security disability benefits.

Plaintiff filed his application for a period of disability and for disability

benefits on February 7, 1967, alleging that he became unable to work on November 10, 1966, as a result of his "back". The application was initially denied on May 31, 1967. The plaintiff then requested a reconsideration of his claim and was advised on September 12, 1967, that the initial disallowance was affirmed. On November 15, 1967, the plaintiff appeared before a hearing examiner for a hearing *de novo*. The hearing examiner issued his opinion on January 23, 1968, finding that plaintiff was not entitled to a period of disability or to disability insurance benefits. Plaintiff's request for review by the Appeals Council was denied on April 30, 1968, and the hearing examiner's decision became the final decision of the Secretary of Health, Education, and Welfare. The plaintiff then instituted a civil action on June 28, 1968, to review the Secretary's final decision. Upon motion of the Secretary, this court or signed an order remanding the case for further proceedings and a supplemental hearing was conducted on January 28, 1969. Thereafter, the hearing examiner denied the claim a second time. The Appeals Council arranged for the plaintiff to be examined by Dr. William J. Callison, orthopedic surgeon, in Asheville, North Carolina, on May 29, 1969. Thereafter, the Appeals Council affirmed the hearing examiner's findings which became the final decision of the Secretary. On August 5, 1969, the plaintiff renewed his petition for court review of the final decision.

The issue before this court is whether there is substantial evidence to support the decision of the Secretary that the plaintiff was not under a disability as defined in the Social Security Act and therefore is not entitled to a period of disability under Section 216(i) of the Social Security Act [42 U.S.C.A. § 416(i)], or to disability insurance benefits under Section 223 of the Act [42 U.S.C.A. § 423]. The court is not permitted to try the disability issue *de novo*, but is confined to the question of whether there is substantial evidence to support the Secretary's decision. After a careful review of the record, the court is of the opinion that there is substantial evidence to support the findings of the Secretary.

Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than ·a preponderance. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Ferrell v. Gardner, 406 F.2d 1084 (4th Cir. 1969).

The court will not attempt to review all of the evidence in this opinion as it would be a needless exercise and would consist of repeating the evidence upon which the hearing examiner based his decision. All of the evidence presented is in the record and has been carefully reviewed by this court. The court notes the testimony of Dr. Theodore E. Zurett, a vocational expert, and the testimony or reports of Dr. F. E. Blalock, Dr. J. Bruce Galloway, Dr. Mark A. Griffin, Jr., Dr. Paul E. Hill and Dr. William J. Callison. The medical evidence is conflicting as to the disabling characteristics of the plaintiff's ailments. While there is considerable evidence which tends to support the plaintiff's claim of disability, there is more than a mere scintilla of evidence that the plaintiff could engage in substantial gainful activity.

The medical evidence of record reveals that since 1962 the plaintiff has complained of and been treated for a back condition, athlete's foot, a right knee condition, chronic prostatism, chronic gastritis, arthritis of the left elbow and a personality disorder. An operation at the Veterans Administration hospital on April 11, 1967, apparently eliminated the right knee problem, the athlete's foot disease was soon controlled, and medications seemed to have eliminated chronic gastritis. There is no evidence in the record that any of these conditions have resulted in disability except the back condition. There is substantial evidence in the record to indicate that the back

condition can be stabilized by surgery and the pain eliminated so that the plaintiff could perform many jobs available in local industry. The plaintiff expresses reluctance to undergo surgery for his back condition because his physician only guaranteed him reduction in pain rather than a complete cure. While there is a conflict in the medical evidence as to the plaintiff's disability to perform light and sedentary work which is available within the area, there is an abundance of evidence that an operation would render him able to perform such tasks. There is no proof that the plaintiff's fear of surgery is based on reasonable grounds. Hall v. Gardner, 403 F.2d 32 (6th Cir. 1968).

The court concludes that the final decision of the Secretary is supported by substantial evidence and therefore affirms his decision. The motion of the plaintiff for summary judgment is therefore denied, and the motion of the defendant for summary judgment is granted. An order to that effect will be entered simultaneously herewith.