James THOMPSON, Plaintiff-Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 15568.

United States Court of Appeals Sixth Circuit.

July 22, 1964.

W. L. Steele, Ashland, Ky. (W. L.
Steele, Ashland, Ky., and. William C.
Kibbey Grayson, Ky., on the brief), for
appellant.

Sherman L. Cohn, Department of Jus-
tice, Washington, D. C. (John W. Doug-
las, Asst. Atty. Gen., Patrick C. Mc-
Keever, Atty. Dept. of Justice, Wash-
ington, D. C., Bernard T. Moynahan, U.
S. Atty., Lexington, Ky., on the brief),
for appellee.

Before CECIL and O'SULLIVAN, Cir-
cuit Judges, and McALLISTER, Senior
Circuit Judge.

McALLISTER, Senior Circuit Judge.

Appellant was a man 54 years old at
the time of his application, in 1961, for
disability benefits under the Social Se-
curity Act, Title 42 U.S.C.A., §§ 416(i)
and 423.

When he was 16 years of age, he start-
ed working at the clay mines in Ken-
tucky. He had a third-grade education,
but could not read. The mines, in which
appellant worked, are entered through a
shaft on a hillside. From them clay is
extracted, which is used to make fire-
brick. Appellant served in the Army in
1944 from February to November, and
was given a discharge with 20% disabil-
ity, resulting from arthritis of the spine,
which was aggravated by his service.
During his service he had been on sick
call several times and was later sent to
the hospital for three weeks, when they
found out what caused his disability.
When he returned to civil life, he again
worked in the mines. He was laid off in
1953 when the mine in which he was em-
ployed went out of business. He then
bought a small store, but after two years
there, quit work when he sold it in 1960
at the time he claims he became unable
to take care of it, or to engage in any
substantial gainful activity, because of
his completely disabled condition, result-
ing from rheumatoid arthritis of the
thoracic lumbar and cervical parts of the
spine.

The Hearing Examiner of the Social
Security Administration found that ap-
pellant had not established that he had
impairments, either singularly or in com-
bination, of such severity as to preclude
him from engaging in any substantial
gainful activity. The Appeals Council
denied his request for review, thereby
adopting the decision of the Hearing Ex-
aminer as the Secretary's final decision,
and the District Court held that the bur-
den of proving disability had been upon
the plaintiff, and he had failed to dis-
charge it. The court, accordingly, grant-
ed a motion for summary judgment in
favor of the Government.

While appellant operated the store he
had "a fairly good income. * * * I
was doing fine." He and his family "ate
out of the store and lived out of it."
He testified: "[W]e done well a long
time out of it. But I just stood it as
long as I thought I could. Pushed myself
and my wife too." He has a little girl
13 years old, who is in school. He raises
a small garden, but can't plow it. He
can stay out in the garden, and chop it
a little, if he "doesn't hump over." He
can do this a little at a time, but when
he bends over, the pain in his shoulders,
and hips, and knees returns. He can't
"sit too long" and can't "stand too long."
If he sits for an hour he "has to stir."
"[I]t starts hurting, but keep up and
down, and stirring around ordinarily, it
don't hurt too much." The only reason
he disposed of the store was that he was
physically incapable of operating it. "I
ten times rather run it if I'd been able.
* * * I sure didn't quit because I was
afraid of work. I enjoyed my work. I
like it thirty years at that one job, and
I enjoyed it every day. Of course, I
really enjoyed work. * * * I'd rather

be cured and go to work than to draw, and I believe most any man would that's use to working all his life. I've been working all my life since I was eight years old." He stated that he could not even do the light work in the store. He had been helped by his wife and two young sons. At the time of the hearing, his wife had been under a doctor's care, since appellant gave up the store. She is not able to work. His sons have since grown up and left the place.

Four physicians examined appellant and three of them gave opinions that he was totally disabled from performing any type of work requiring the use of his back. This evidence was uncontradicted. One of the physicians, Dr. Brown, said: "He is unable to do this type of work (in a mine) or any other type of work which uses the back appreciably and this is the only type of work for which he is prepared." Another physician, Dr. Murray, stated: "This man is totally disabled from gaining a livelihood by manual labor." Another physician, Dr. Shufflebarger, stated: "Patient is totally disabled from work due to pain, and unable to have any movement of back." The fourth physician, Dr. Shiflett, stated: "Pelvis: There is bilateral narrowing and sub-chondral atrophy and sub-articular fragmentation of each sacroiliac joint, changes appearing to be due to a rheumatoid type arthritis, more advanced in left sacroiliac joint."

Except for the report of the last physician, who stated that there was fragmentation of each sacroiliac joint, and gave no opinion as to disability, the other three physicians set forth the symptoms of pain and medical grounds upon which they based their conclusion that appellant was totally disabled.

Appellant proved his total disability, not only by his own persuasive and credible statements, but by the uncontradicted testimony of medical experts.

In Kerner v. Flemming, 283 F.2d 916 (C.A.2), it was held that the court is not bound to sustain a denial of benefits where the evidence affords no sufficient basis for the Secretary's negative answer. It is to be emphasized that it was competent for the physicians in this case to give their opinions as to appellant's ability to perform work. In Hall v. Celebrezze, 314 F.2d 686 (C.A.6) this court observed that if the medical evidence presented by the claimant is disregarded, then claimant has no way of establishing the case, and that "While the Secretary may have expertise in respect of some matters, we do not believe he supplants the medical expert." In Jarvis v. Ribicoff, 312 F.2d 707 (C.A.6), the court held that the test of claimant's disability or inability to engage in any substantial gainful activity is a subjective one, and claimant need not establish complete absence of any opportunity for substantial gainful employment; he need only establish that he has become disabled from employment in any work in which he could profitably seek employment, in the light of his physical and mental capacities and his education, training and experience; and he need not be totally helpless or bedridden.

The language contained in the decision of the Hearing Examiner in this case indicates that he feels that appellant has impairments, but that he does not feel that such impairments are severe enough to preclude him from engaging in substantial gainful activity. It seems, therefore, that the Examiner has accepted the reports and opinions of the examining physicians, as he stated that "the evidence clearly demonstrates that claimant is qualified by training and work experience for work of sedentary type, involving the maintaining of records of numerous types and work of a supervisory nature." There is no escaping the implication that the Hearing Examiner concluded from the evidence that appellant was disabled insofar as heavy work was concerned. In Ellerman v. Flemming, D.C., 188 F.Supp. 521, 527, the court held:

"Under the Social Security Act, unlike some other statutes, it is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his

impairment, and of his age, experience and education. It is quite enough if he offers evidence of what he has done, of his inability to do that kind of work any longer, and, of his lack of particular experience for any other type of job. If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently. Parfenuk v. Flemming, D.C.Mass.1960, 182 F.Supp. 532. Here, the Referee has made no such finding, whatsoever, based on evidence."

The finding of the Hearing Examiner that appellant has not established that he has impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity is contrary to the uncontradicted evidence of three physicians and of appellant himself. This finding of the Hearing Examiner must be based upon the idea that because appellant, on account of his last two years of thirty years of labor, and, through his seniority, was able to secure a position of timekeeper and weigh master, that proved that he can engage in substantial gainful activity; and this idea must have as a premise that the position of timekeeper and weigh master is only a sinecure—and that anyone who is not able to bend his back or to sit or stand for more than a short time can engage in this work, which the Hearing Examiner characterizes as substantial gainful activity. If seniority at one company enables a workman to secure such a position after nearly thirty years of hard labor, it is doubtful or incredible to believe that he could secure such a position at another company without any seniority whatever. Moreover, the work of timekeeper and weigh master calls for more than a man, as disabled as appellant, can do, unless it is a job that can be performed by a man who can't sit down for more than a short time, can't stand up for more than a short time, and cannot be confined to any position for more than a short time; and there is no evidence that such a job is available anywhere, or, if it were available anywhere, that appellant could secure it without seniority in a company, or through some special privilege. The probability or possibility of a man, disabled as appellant is, securing a job of this kind, can exist only in the imagination; and to hold appellant to this requirement is to exact from him the obligation to secure a job that has its being only in fantasy.

The Hearing Examiner further said that the evidence clearly demonstrated that claimant was qualified by training and work experience for work of a sedentary type, involving the maintenance of records of numerous types and work of a supervisory nature. There is no such evidence in the case. The claimant testified: "I can't read *any*." There is no evidence that he kept records in the mine. In answering a leading question, as to his store, he testified:

"Q. In keeping books, how'd you keep books? By inventory and replacement?

"A. Well, yes. And a long time they would kind of guess at my inventory."

This is not the kind of evidence that can be availed of to exclude a manual laborer like appellant from disability benefits under the Social Security Act, on the ground that the proofs clearly demonstrated that the claimant was qualified by training and work experience for work involving the maintaining of records of numerous types.

The finding of the Hearing Examiner, sustained by the Secretary of Health, Education and Welfare, and by the order appealed from, is contrary to the uncontradicted evidence, and is not sustained by the proofs in the case.

Moreover, in this case the burden was upon the Secretary to adduce evidence that claimant could perform substantial gainful work—actually, not apparently, Ellerman v. Flemming, supra; and there

was a complete absence of evidence in this regard.

In accordance with the foregoing, the judgment of the District Court is reversed, and the case is remanded with instructions to allow disability benefits to the appellant.