Letha E. **CARDEN**, Appellant,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Appellee.

No. 16079.

United States Court of Appeals Sixth Circuit.

Nov. 1, 1965.

Earl E. Leming, Knoxville, Tenn., on brief for appellant.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Lawrence R. Schneider, Attys., Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Knoxville, Tenn., on brief for appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and MATHES, Senior District Judge*.

PER CURIAM.

This appeal, submitted upon the record and briefs without oral argument, is from an adverse judgment in an action brought by appellant under § 205(g) of the Social Security Act [42 U.S.C. § 405(g)], to review the decision of the Secretary of Health, Education and Welfare denying appellant's application for a period of disability and for disability benefits under §§ 216(i) and 223 of the Act [42 U.S.C. §§ 416(i) and 423].

In order to be entitled to disability insurance benefits under the Social Security Act, the claimant must establish "disability" as of the time of filing of the application for such benefits. · [42 U.S.C. § 423(a) (1) (D).]

Section 223(c) (2) of the Act declares that:

"The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be ex-

---

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

pected to result in death or to be of long-continued and indefinite duration." [42 U.S.C. § 423(c) (2); see 42 U.S.C. § 416(i) (1) (A).]

 Appellant cites our language in Erickson v. Ribicoff, 305 F.2d 638 (6th Cir. 1962), to support her contention that "there must be substantial evidence of what kind of work [claimant] is able to do and what employment opportunities are available for a [person] who can do only what claimant can do" [305 F.2d at 641], before the Court will affirm the administrative determination of the Secretary. We have held, it is true, that once a claimant has established that he is unable to work at his usual occupation, it is incumbent upon the Secretary to adduce evidence that the claimant is able to engage in some other kind of "substantial gainful activity", in order to support a denial of disability benefits. [See: Thompson v. Celebrezze, 334 F.2d 412 (6th Cir. 1964); Jones v. Celebrezze, 321 F.2d 192 (6th Cir. 1963); Rice v. Celebrezze, 315 F.2d 7 (6th Cir. 1963).]

However, it is also the rule that where the Secretary has found from the evidence that the claimant is able to engage in a former trade or occupation, such a determination "precludes the necessity of an administrative showing of gainful work which the appellant was capable of doing and the availability of any such work". [Ward v. Ribicoff, 309 F.2d 157, 157–158 (6th Cir. 1962); accord, McMullen v. Celebrezze, 335 F.2d 811, 816 (9th Cir. 1964).]

In the case at bar, it is evident from the record as a whole that the Hearing Examiner concluded and found that appellant had failed to establish that she was disabled from following her usual occupation. [See: Mark v. Celebrezze, 348 F.2d 289, 292 (9th Cir. 1965); McMullen v. Celebrezze, supra, 335 F.2d at 816; Ber v. Celebrezze, 332 F.2d 293, 295 (2nd Cir. 1964).] It does not appear that the Examiner considered the evidence as relating to any other occupation in which appellant might have

been expected to engage. [See Mark v. Celebrezze, supra, 348 F.2d at 292.]

Accordingly, the only remaining consideration is whether there is substantial evidence in the record before us to support the findings of the Secretary adverse to appellant's claim of "disability". [42 U.S.C. § 405(g).] We have fully reviewed the evidence, and it is unnecessary to repeat it here, other than to point out that the physical examination and tests made by Dr. Willien, and his expert opinion based thereon, were fairly considered by the Hearing Examiner, and they alone must be held to be substantial evidence in support of the Secretary's findings.

Affirmed.