**Cecil SMITH, Plaintiff-Appellee,**

v.

**John W. GARDNER, Secretary of Health, Education & Welfare, Defendant-Appellant.**

**No. 16454.**

United States Court of Appeals Sixth Circuit.

June 18, 1966.

Robert C. McDiarmid, Department of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Atty., Department of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellant.

Charles M. Tackett, Lexington, Ky., Lester H. Burns, Jr., Manchester, Ky., on brief, for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and WILSON, District Judge.

PER CURIAM.

The Secretary of Health, Education and Welfare appeals from a District Court judgment awarding to appellee, Cecil Smith, benefits under the Social Security laws of the United States. The Secretary's examiner found, after a hearing, that the said Smith was not at the time of, and following, his application for Social Security benefits, made on July 21, 1961, disabled within the meaning of Section 216(i) (1) (A).

Review of the findings of the trial examiner was had and his decision was affirmed and became the decision of the Secretary. Smith then commenced his action in the United States District Court for the Eastern District of Kentucky under Section 205(g) of the Social

Security Act, 42 U.S.C.A. § 405(g). Upon hearing, the District Judge reversed the decision of the Secretary and remanded the cause for the awarding of social security benefits to plaintiff-appellee, Cecil Smith.

The United States District Judge filed a memorandum opinion following a regular form currently in use in the mentioned District Court. The memorandum opinion of the District Judge assumed that plaintiff's proofs made out a case that he was disabled from doing the work he had been doing prior to his application for social security benefits, to wit: truck driving, and inferentially held that the Secretary's contrary finding was clearly erroneous. From this holding, the District Judge, relying upon cases from this Court, held that the plaintiff should prevail because the Secretary had not shown that work which plaintiff could do in substitution for his regular employment was available. Hall v. Flemming, 289 F.2d 290 (CA 6, 1961); King v. Flemming, 289 F.2d 808 (CA 6, 1961); and Thompson v. Celebrezze, 334 F.2d 412 (CA 6, 1964).

We reverse the District Judge because we are satisfied that the examiner's findings in this case were not erroneous and that the plaintiff failed to make out a case that he was disabled within the meaning of the applicable statute. Under said statute, the term disability is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."[1] 42 U.S.C.A. § 416(i) (1) (A).

At the time of his application, plaintiff Smith was 37 years of age and claimed that he had been unable to work from and after September 17, 1958, on which date while tightening a wheel on a truck he had slipped and sprained his back. Following the initial denial of his claim, on October 5, 1961, plaintiff made a request for reconsideration, claiming that he could not get employment because of his condition. Under the provisions of Section 221 of the Act, 42 U.S.C.A. § 421, the file of the plaintiff was referred to the Kentucky Bureau of Rehabilitation Service. On January 4, 1962, that Bureau, after review of the medical and non-medical evidence before it, made a report that the plaintiff was not disabled. Being advised of this decision, claimant requested and was given a hearing before an examiner of the Social Security Administration.

■ Plaintiff here gives a history of many accidents and ailments in addition to the immediate cause of what is claimed to be his current disability. He sought much medical advice and treatment for these various illnesses. Evidence did disclose that there was present at all times a degree of anxiety neurosis. However, there was medical evidence before the examiner that while Smith apparently did have a period of disability following his fall in 1958, he had recovered to the extent that he was able to and, at intervals, did return to work. Plaintiff offered evidence to the contrary, but our examination of the record persuades us that the examiner's conclusion that plaintiff failed to meet his burden of proving himself disabled within the meaning of the Act was not clearly erroneous.

■ Upon the record made, we are satisfied that there was no necessity for the Secretary to have provided proof as to some work plaintiff could perform other than truck driving or the other employments in which he had been engaged prior to his alleged disability, and to have demonstrated that such work was available to him within the area reasonably proximate to the place of his previous employment. Cf. Justice v. Gardner, Secretary, etc., 360 F.2d 998 (CA 6, 1966).

The judgment of the District Court is reversed with direction to dismiss the complaint.

---

1. Amended to read, " * * * can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." P.L. 89–97 § 303(a) (1), July 30, 1965.