Sam MAY, Plaintiff-Appellee,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 16629.

United States Court of Appeals
Sixth Circuit.

June 30, 1966.

C. A. Noble, Jr., Hazard, Ky., H. B. Noble, Hazard, Ky., on brief, for appellant.

Allen S. Rosenthal, Department of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Walter H. Fleischer, Attorneys, Department of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and MATHES, Senior District Judge.*

MATHES, Senior District Judge:

This case is here upon the appeal of the Secretary of Health, Education and Welfare from the judgment of the District Court reversing the Secretary's denial of appellee's application for a period of disability and disability benefits under §§ 205(g), 216(i), as amended, and § 223 of the Social Security Act. [42 U.S.C. §§ 405(g), 416(i) and 423.]

In order to be entitled to disability benefits under the Act as it existed prior to the 1965 amendments [79 Stat. 366 et seq. (1965)], the claimant was required to establish "disability" as of the time of filing of the application for such benefits. [42 U.S.C. § 423(a) (1) (D).] The application before us was filed on June 25, 1962, alleging appellee's impairments to be "loss of left hand, broken left leg, right arm hurt."

At the time of filing appellee's application, § 223(c) (2) of the Act declared that:

> "[T]he term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." [42 U.S.C. § 423(c) (2); see 42 U.S.C. § 416(i) (1) (A).]

The evidence adduced before the hearing examiner disclosed that in 1948, at the age of 38, appellee lost his left forearm below the elbow in a coal mine accident; and that, from the time of this injury until the mine shut down in 1953, appellee worked as a dispatcher in the mine. As a dispatcher, appellee was required to sit at a desk, answer telephone calls, and use a loud speaker to direct traffic, so that the cars entering and leaving the mine would not collide. This dispatcher job was the last "substantial gainful activity" of a continuous nature in which appellee has engaged. However, he has done "odd jobs" intermittently since the mine closed in 1953.

The hearing examiner found that appellee's last former occupation was as a dispatcher for a coal mine, and that "he has the capabilities of performing work of the type he last performed in the mines." Upon this finding, based upon the record made before the hearing examiner, the Secretary denied appellee's application for disability insurance benefits under the Act. The ensuing action in the District Court under 205(g) of the Act [42 U.S.C. § 405(g)] to reverse the Secretary's decision resulted in a judgment in appellee's favor, remanding the case to the Secretary with directions that appellee be granted "a period of disability and disability insurance benefits in accordance with the Social Security Act, as amended."

It is settled that the burden of proof rested upon appellee to establish his entitlement to disability benefits under the Act. [§§ 216(i) (1) and 223(c) (2), 42 U.S.C. §§ 416(i) (1) and 423(c) (2); Erickson v. Ribicoff, 305 F.2d 638, 640 (6th Cir. 1962); see: Justice v. Gardner, 360 F.2d 998 (6th Cir., May 27, 1966); Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965); Cyrus v. Celebrezze, 341 F.2d 192, 195 (4th Cir. 1965); Cele-

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

brezze v. Bolas, 316 F.2d 498–500 (8th Cir. 1963) ; Kerner v. Flemming, 283 F. 2d 916, 921–922 (2nd Cir. 1960).] Moreover, the Act plainly directs that: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive \* \* \*." [§ 205(g), 42 U.S.C. § 405(g).] And it is equally clear that the same finality extends as well to such inferences and conclusions as the Secretary may reasonably draw from the evidence. [McMullen v. Celebrezze, 335 F.2d 811, 816 (9th Cir. 1964), cert. denied, 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed. 2d 92 (1966).]

■ Our examination of the record discloses that the decision of the Secretary that appellee has failed to establish, in support of his application, that he is disabled from following his usual occupation as dispatcher in the mines, is supported by substantial evidence on the whole record. [Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (March 22, 1966) ; Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) ; Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).]

But appellee asserts that there is no available work as a dispatcher in the mines; that he is unable to find any "substantial gainful activity" at or near his home in Kodak, Kentucky. Counsel for appellee pressed upon us with convincing eloquence the plight of appellee and other persons similarly situated who do not wish to leave their homes in the Kentucky mountains and seek work elsewhere; yet are unable to find employment at home.

■ We have consistently held that, once a claimant establishes that he is unable to work at his usual occupation, the Secretary must, in order to sustain a denial of disability benefits under the Act, adduce evidence to show: (1) that the claimant is able to engage in some other kind of "substantial gainful activity", and (2) that such job opportunities are reasonably available under normal conditions in the general area in which the claimant lives. [See: Slone v. Gardner, 355 F.2d 485 (6th Cir. 1966) ; Carden v. Gardner, 352 F.2d 51, 52 (6th Cir. 1965) ; Massey v. Celebrezze, 345 F.2d 146 (6th Cir. 1965) ; Thompson v. Celebrezze, 334 F.2d 412 (6th Cir. 1964) ; Jones v. Celebrezze, 321 F.2d 192 (6th Cir. 1963) ; Rice v. Celebrezze, 315 F.2d 7 (6th Cir. 1963) ; cf. Webb v. Railroad Retirement Board, 358 F.2d 451, 455 (6th Cir. 1966).]

■ We have also consistently held that, once the Secretary finds from substantial evidence that the claimant is able to engage in a former trade or occupation, such a determination "precludes the necessity of an administrative showing of gainful work which the appellant was capable of doing and the availability of any such work." [Ward v. Ribicoff, 309 F.2d 157, 158 (6th Cir. 1962) ; accord, McMullen v. Celebrezze, supra, 335 F.2d at 816.]

The rule cannot be otherwise, unless we are to "order unemployment insurance under the guise of disability insurance." [Hicks v. Flemming, 302 F.2d 470, 473 (5th Cir. 1962).] The injustice of our so doing is at once apparent, if we suppose for the moment that there were two dispatchers at the mine where appellee worked, and the one other than appellee had not lost part of one arm. Both would be unemployed as dispatchers, but under such an extension of previous holdings as we are here asked to make, only appellee would be entitled to "disability" benefits under the Social Security Act.

The judgment of the District Court is reversed, with directions to enter judgment upholding the findings and conclusions of the Secretary.