**Anna M. STUMBO, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 16595.**

United States Court of Appeals
Sixth Circuit.

Aug. 23, 1966.

Ronald W. May, Dan Jack Combs, Pikeville, Ky., on brief, for appellant.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Florence Wagman Roisman, Attys., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before O'SULLIVAN, Circuit Judge, CECIL, Senior Circuit Judge, and BOYD, District Judge.

PER CURIAM.

Anna Stumbo, Plaintiff-Appellant, appeals from a decision of the District Court for the Eastern District of Tennessee upholding a denial of social security benefits by the Secretary of Health, Education and Welfare. The Secretary's examiner found that appellant Stumbo was not, at the time of, and following her application for social security benefits, made on August 2, 1962, disabled within the meaning of Section 216(i) (1) (A), 42 U.S.C. § 416(i) (1) (A). This finding was affirmed on review by the Appeals Council on May 22, 1964, and was finally sustained by the District Court.

At the time of her application Mrs. Stumbo was 56 years old, was 5'4" tall, and weighed 180 pounds. She had worked at various jobs in the field of cooking. These included washing pots and pans, preparing foods for cooking, fixing salads, and finally serving as a cook for a local hospital. She testified that she had had two heart attacks, and suffered from shortness of breath upon any exertion, as well as from various other ailments.

There was a wide divergence among the medical experts who testified. These conflicts were resolved by the Hearing Examiner as follows:

"It is noted that three general practitioners—Drs. Stumbo, McCloud and Allen—have volunteered conclusions that the claimant is unable to do any work. Dr. Allen moreover, has made a finding that the claimant suffers from a high diastolic blood pressure. On the other hand, Dr. Williams, the specialist in internal medicine, has stated flatly that there was no evidence of congestive failure at the time of examination, and little evidence of cardio-vascular disease; further that *there was only a grade I retinopathy* and a slight tortuosity of the aorta, these being the only two objective findings he could demonstrate. Dr. Del Vecchio, the specialist in surgery, also stated that *there was no marked retinopathy seen*, and that the heart condition was mild. The undersigned is strongly persuaded by the reports by the two specialists and particularly so in view of the fact that their findings are based on the objective evidence of the retinopathy—a sound and reliable objective test apparently not performed by Drs. Stumbo or McCloud, neither of them having made even the slightest reference to a study of the retina."

The final conclusions of the Secretary as made through the Appeals Council were:

"(1) The evidence has failed to establish that the claimant is suffering from heart disease of such severity that she would be unable to sustain at least moderate physical exertion; (2) the claimant's musculoskeletal afflictions (viz., arthritis, obesity, etc.) even when considered in combination, do not seriously impair her mobility or strength and therefore should not prevent her from performing such vocationally-significant activities as walking, standing, bending, grasping, manipulating, etc.; (3) the claimant's psychoneurosis has not resulted in significant impairment of intellectual or emotional function and would not interfere with a successful employment adjustment; (4) the claimant's complaints of breathlessness on slight exertion, and, to a large extent her other symptoms of physical discomfort are not authenticated or even supported by the preponderance of the objective medical findings; (5) *the claimant is fully qualified on the basis of her past work experience for the occupations of cook and cook's helper;* (6) *she possesses the mental and physical capacities to be able to meet the demands of many specific jobs in the cooking field;* (7) she is not therefore incapable of engaging in any substantial gainful activity; * * *." (Emphasis added.)

Appellant's own testimony and some of the medical evidence received supported her claim of disability. There was, however, medical evidence to the contrary and the Examiner and the Appeals Council resolved the issue thus made in favor of the Secretary. The District Judge found that the findings of the Appeals Council were supported by substantial evidence precluding their being set aside by him. He applied the correct rule. King v. Celebrezze, 341 F.2d 108, 109 (CA6, 1965); Celebrezze v. Kelly, 331 F.2d 981, 982 (CA5, 1964). We do not disagree with his conclusion that the Secretary's findings were supported by substantial evidence.

Plaintiff-Appellant, having failed to carry her initial burden of proving that she was disabled from returning to her former employment as a cook or cook's helper, there was no burden on the Secretary to designate some other specific area of employment available to her. Arms v. Gardner, 353 F.2d 197 (CA6, 1965); Carden v. Gardner, 352 F.2d 51 (CA6, 1965); and see Smith v. Gardner, 361 F.2d 822 (CA6, 1966).

Judgment affirmed.