**Troy HALL, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 18306.**

United States Court of Appeals Sixth Circuit.

Nov. 27, 1968.

Ronald W. May, Pikeville, Ky., for appellant.

J. T. Frankenberger, Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

There is a conflict in the medical evidence as to whether claimant, a 35-year-old coal miner, had a ruptured disc. A lumbar myelogram was performed and was interpreted as being within normal limits. Claimant's neurosurgeon nevertheless had the impression that claimant has a herniated intervertebral disc and advised surgical intervention. Claimant was reluctant to accept his advice for fear that the operation might not be successful. His surgeon was of the opinion that without surgery claimant would be permanently unable to return to his *usual* work.

The Secretary's neurosurgeon had x-rays taken. They did not disclose a ruptured disc and confirmed his diagnosis that claimant's back was entirely normal and adequate. There was no proof that claimant's fear of surgery was based on reasonable grounds, but the Secretary's neurosurgeon stated that it was understandable.

The Hearing Examiner made no finding that claimant had a ruptured disc. He found only that claimant had a back problem of sufficient impairment to preclude his engaging in his usual employment as a coal miner; that he was able to engage in "light, simple sedentary employment"; and that such employment was available in the general area of claimant's residence. Massey v. Celebrezze, 345 F.2d 146 (6th Cir. 1965). The Hearing Examiner further found that claimant's alleged condition of ruptured disc was remediable and that he had no reasonable basis for not submitting to the operation.

The findings of the Hearing Examiner were adopted by the Appeals Council and were affirmed by the District Court.

In our opinion, there was substantial evidence to support these findings of fact and they are binding on us. The judgment of the District Court is affirmed.