**Saturnino Acevedo GONZÁLEZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 168–69.

United States District Court, D. Puerto Rico.

Feb. 14, 1972.

Rafael D. Molinary, P. R. Legal Services, Aguadilla, P.R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

MEMORANDUM and ORDER

FERNÁNDEZ-BADILLO, District Judge.

Plaintiff is before the Court seeking review of the decision of the Secretary of Health, Education and Welfare denying an application for a period of disability and the corresponding disability insurance benefits filed on June 14, 1967. He was born on January 20, 1910, received no education and worked for 15 years as a carpenter and also as a laborer on a milk farm. His application is based on the fact that he suffered a fall in June 1966 fracturing the right shoulder and several ribs.

On January 17, 1969 the adverse decision of the hearing examiner was affirmed by the Appeals Council. Plaintiff's earnings records show that the special earnings requirement of the Social Security Act was met through March 31, 1967. Therefore, in order to be entitled to a period of disability insurance benefits, it was necessary for plaintiff to establish that he was suffering from a disability as defined by the Social Security provisions on or before that date.

Plaintiff described his impairment at the hearing stating he could not bend because of his spinal column, ribs, chest and arm. He testified that he was unable to close his right hand or raise his right arm. Plaintiff is left handed and has used his left hand "all the time" (Tr. pp. 21–22).

Dr. Asdrúbal Arzola, a general practitioner, examined plaintiff on December 18, 1967 and diagnosed chronic lumbago and mild stiffness of the right shoulder, secondary to trauma. He recommended no treatment, set no work restrictions other than stating that claimant should perhaps avoid working in a stooping position and observed that "the stiffness of the right shoulder can be improved with a regime of physical therapy" (Tr. p. 83).

The vocational expert concluded that claimant could engage as a general handyman doing minor carpentry jobs, he could return to work through the Land Authority in their milk and cattle program, or he could set up a small business with the aid of Vocational Rehabilitation. It should be noted that plaintiff already made an attempt to set up his own business, however, the vocational consultant stated that Vocational Rehabilitation could help him with equipment, stock and training. There is no doubt that plaintiff has jobs available vis a vis his physical condition. Gray v. Finch, 427 F.2d 336 (6th Cir., 1970); Goad v. Finch, 426 F.2d 1388 (6th Cir., 1970); Rose v. Cohen, 406 F.2d 753 (6th Cir., 1969); Mullins v. Gardner, 396 F.2d 139 (6th Cir., 1968).

Establishment of entitlement to the benefits claimed is the burden of the plaintiff and in the instant case, he has failed to carry the burden. Henry v. Gardner, 381 F.2d 191 (6th Cir., 1967); Stumbo v. Gardner, 365 F.2d 275 (6th Cir., 1966); May v. Gardner, 362 F.2d 616 (6th Cir., 1966); Centeno Ríos v. Secretary of Health, Education and Welfare, 312 F.Supp. 1330 (D.P.R.1970). The medical evidence has failed to show that the accident suffered in 1966 by plaintiff has rendered him unemployable. Stillwell v. Cohen, 411 F.2d 574, (5th Cir., 1969); Hall v. Gardner, 403 F.2d 32 (6th Cir., 1968); Willis v. Gardner, 377 F.2d 533 (4th Cir., 1967).

The statutory requirements of Section 223(d)(3) of the Social Security Act, as amended (42 U.S.C. 423(d)(3)), that an impairment, to be considered disabling, has to be demonstrated by medically acceptable clinical and laboratory techniques, have not been met. Robles v. Finch, 409 F.2d 84 (1st Cir., 1969); Labee v. Cohen, 408 F.2d 998 (5th Cir., 1969); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir., 1965); Toledo v. Secretary of Health, Education and Welfare, 308 F.Supp. 192 (D.P.R.1970).

The decision of the Secretary being supported by substantial evidence the same is hereby affirmed, and the action dismissed.