**Ricardo MOLINA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 469–70.**

United States District Court,
D. Puerto Rico.

April 21, 1972.

---

Luis C. Arroyo-Santiago, San Juan, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

MEMORANDUM AND ORDER

FERNANDEZ–BADILLO, District Judge.

Plaintiff, 58 years of age, a former public vehicle driver, filed his application for a period of disability and disability insurance benefits on February 18, 1969. He alleged inability to engage in work because of what he described as "arthritis". This application was denied by the Social Security Administration.

It appears that plaintiff alleges that he became unable to work in 1967 because of what he described was "arthritis". The plaintiff was examined by Dr. Stanley L. Slater, a specialist in Internal Medicine, on April 28, 1969. He was noted walking with a cane in his right hand limping slightly on the right lower extremity. He was 67½ inches tall and

weighed 127 pounds. Blood pressure way 130/80. He did not seem to be dyspneic, orthopneic, cyanotic or jaundiced. No edema was detected. The neck veins were not distended. No abnormalities were noted in the fundi nor on neurological examination. The lungs were clear to percussion and auscultation. The heart was not enlarged clinically. The heart sounds were normal and no significant adventitious sounds were heard. No masses or fluid were detected in the abdomen. The peripheral joints. If there was any tenderness, it was minimal. There was a full range of motion of the peripheral joints. Ventilation studies were normal. X-ray of the right hand and fingers revealed normal mineralization and alignment of the bones. The articular surfaces seemed smooth and the joint spaces preserved. No abnormalities of the soft tissues were noted. Cardiac silhouette is normal in position. "In summary, there are no clinical or laboratory evidences of rheumatoid arthritis at the time of this examination; if he has, or has had, the disease, it would seem to be in practically a complete remission. As best as can be determined, the pains would seem to be fibrositic or myositic in nature. There is no overt evidence of cardio-respiratory disease." (Tr. 60–65).

The applicable provisions of law are as follows:

Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. § 416(i) and 423(d), as amended by Section 158(b), Public Law 90–248, defines the term "disability" to provide in part:

"The term 'disability' means—

"(d) (1) * * *

"(A) inability to enage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

"For purposes of paragraph (1) (A)

"(2) * * *

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

"For purposes of this subsection—

"(B) * * *

"(3) * * * a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

And Section 223(d) (5) of the Act, 42 U.S.C. § 423(d) (5), as added to the Act by Section 158(b) of Public Law 90–248, the Social Security Amendments of 1967, provides that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Establishment of entitlement to the benefits claimed is the burden of the plaintiff and in the instant case, he has failed to carry the burden. Henry v. Gardner, 381 F.2d 191 (6 Cir. 1967); Stumbo v. Gardner, 365 F.2d 275 (6 Cir. 1966); May v. Gardner, 362 F.2d 616 (6 Cir. 1966); Centeno Rios v. Secretary of HEW, 312 F.Supp. 1330 (D.P.R. 1970).

The medical evidence has failed to show that the alleged arthritis suffered

by plaintiff has rendered him unemployable. Stillwell v. Cohen, 411 F.2d 574 (5 Cir. 1969); Knox v. Finch, 427 F.2d 919 (5 Cir. 1970); Osborne v. Cohen, 409 F.2d 37 (6 Cir. 1969); Hall v. Gardner, 403 F.2d 32 (6 Cir. 1968); Willis v. Gardner, 377 F.2d 533 (4 Cir. 1967).

The statutory requirements of Section 223(d) (3) of the Social Security Act, as amended (42 U.S.C. § 423(d) (3)), that an impairment, to be considered disabling has to be demonstrated by medically acceptable clinical and laboratory techniques, have not been met. Reyes Robles v. Finch, 409 F.2d 84 (1 Cir. 1969); Labee v. Cohen, 408 F.2d 998 (5 Cir. 1969); Dvorak v. Celebrezze, 345 F.2d 894 (10 Cir. 1965); Toledo v. Secretary of HEW, 308 F.Supp. 192 (D. P.R.1970).

Therefore, the decision of the Secretary is supported by substantial evidence and is hereby affirmed, and the action is hereby dismissed.