Margaret **HETTINGER**

v.

**Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare.**

Civ. A. No. 72–1665.

United States District Court,
E. D. Pennsylvania.

Oct. 30, 1973.

Roland J. Artigues, Philadelphia, Pa.,
for plaintiff.

Richard J. Stout, Asst. U. S. Atty.,
Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

This is an action under § 205(g) of
the Social Security Act (42 U.S.C.A. §
405(g)),[1] to review a final decision of
the Secretary of Health, Education and
Welfare. Before the court is defend-
ant's motion for summary judgment.
Plaintiff has apparently chosen not to
oppose the government's motion as no
briefs have been submitted in opposition
to that motion. However, we will give
the plaintiff the benefit of the doubt
and assume she wishes to oppose this
motion. Accordingly, we will consider
the allegations of error which plaintiff
alleges in her complaint.

The issue before this court is whether
the final decision of the Secretary that
plaintiff's disability ended on February
1, 1970, was supported by substantial ev-
idence (42 U.S.C. § 405(g)).[2] In sup-
port of her claim that said decision was
not supported by substantial evidence,
plaintiff puts forth four allegations of
error.

---

1. (g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, . . . .

2. " . . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing: The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, . . . . "

■ First, plaintiff avers that due to inadequate representation she was unable to establish her disability. We cannot accept this proposition. A review of the record shows that plaintiff was given notice of her right to be represented by counsel and was, in fact, represented by counsel of her own choosing. She cannot now complain that his representation was inadequate. Such a claim does not ordinarily justify a new trial in criminal proceedings. United States v. Hack, 205 F.2d 723 (7th Cir. 1953), cert. den., 346 U.S. 875, 74 S.Ct. 127, 98 L. Ed. 383. We see no justification for allowing such a claim in a civil proceeding.

Plaintiff's other allegations essentially charge that the hearing examiner failed to seek additional medical examinations, placed too much weight on a particular report or disregarded other competent evidence.

These allegations, in essence, charge that the Secretary's determination that plaintiff's disability ended on February 1, 1970, was not supported by substantial evidence.

The term "disability" as it applies to this case is defined in § 223 of the Social Security Act (42 U.S.C.A. § 423) as follows:

> (d)(1) The term "disability" means—
> (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or
> (B) . . . .
> (2) For purposes of paragraph (1) (A)—
> (A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.
> (B) . . . .
> (3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

■ Plaintiff's original disability, for which she was awarded benefits beginning on February 15, 1968, and which according to the Secretary's finding ended on February 1, 1970, were based on a fractured knee, resulting from a fall. Pursuant to the Act (42 U.S.C. § 416(i)) these benefits ended two months after the date on which it was determined that the disability ended. Plaintiff had returned to work on February 1, 1970. She now is apparently claiming that she is disabled due to a generalized condition of arthritis. A review of the record reveals that plaintiff is not in ideal physical condition. However, our inquiry is limited to whether there was substantial evidence on the record for the Secretary to determine that her disability had ceased.

A review of the record discloses that there was both medical evidence[3] and testimony of a vocational expert[4] that

---

3. Report of Dr. Santilli, Transcript, p. 287 and report of Dr. Riden, Transcript, p. 305.

4. Testimony of Mr. Ralph Chase, Transcript, pp. 108–121 and report of Mr. Ralph Chase, Transcript, pp. 238–239.

plaintiff would be able to perform sedentary jobs involving the use of her hands and arms, provided this does not involve motions of her cervical spine, and that jobs of this type did exist.

While there was testimony from plaintiff's own doctor to the effect that she was totally disabled, there was ample testimony and medical reports to support the conclusion that plaintiff was not disabled as defined by the Social Security Act. The job in resolving conflicting evidence is for the Secretary, not the courts. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Stumbo v. Gardner, 365 F.2d 275 (5th Cir. 1966).

Since the decision of the Secretary that plaintiff's disability ended on February 1, 1970, was supported by substantial evidence, the government is entitled to summary judgment in this matter.