**Ruby L. SQUAIRE, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4–70150.**

United States District Court,
E. D. Michigan,
S. D.
Feb. 22, 1974.

Morton E. Schneider, Detroit, Mich., for plaintiff.

Michael Gladstone, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiff filed an application for a period of disability and for disability benefits with the Social Security Administration on May 10, 1971, alleging she had become unable to work on August 6, 1970, at age thirty-eight (38). The application was denied, both initially and on reconsideration, by the Bureau of Disability Insurance of the Social Security Administration.

Plaintiff then filed a request for a hearing with the Bureau of Hearings and Appeals on April 12, 1972. A *de novo* hearing was held before an Administrative Law Judge on March 21, 1973.

On April 27, 1973, the Administrative Law Judge found that the plaintiff was not under a disability and therefore not entitled to a period of disability under 42 U.S.C. § 416, and not entitled to disability insurance benefits under 42 U.S.C. § 423.[1]

---

1. 42 U.S.C. § 423(d)(2)(A) is the specific subsection relevant to this motion, and provides in pertinent part:

"An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in signifi-

This decision was approved by the Appeal Council on June 21, 1973, and became the final decision of the Secretary of Health, Education and Welfare (hereinafter referred to as "Secretary").

Plaintiff then filed a complaint with this court, pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Secretary.

The defendant has filed a motion for summary judgment alleging that the final decision by the Secretary was based on substantial evidence and should, therefore, be affirmed.[2]

Plaintiff contends the decision of the Administrative Law Judge should be reversed because the finding that the plaintiff could perform some substantial gainful activity, and that work existed in significant numbers in the region where the plaintiff lived, was not supported by substantial evidence.

The record before the court on this motion consists of the complete record of the proceedings before the Administrative Law Judge, correspondence between the parties and numerous exhibits and affidavits submitted, in the record, by both parties. The court also considered the briefs and arguments of the parties.

The only issue before the court is whether the final decision of the Secretary is supported by substantial evidence.

The "substantial evidence" test to be applied to the findings of the Administrative Law Judge by this court has been defined in the following manner:

"Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might ac-

cept as adequate to support a conclusion. Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197 [59 S.Ct. 206, 83 L.Ed. 126] (1938). A later statement clarifies further: Substantial evidence 'means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred . . . It must be enough to justify if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292 [59 S.Ct. 501, 83 L. Ed. 660] (1939)." 4 Davis, Administrative Law Treatise § 29.02 (3d Ed. 1971).

The record before the court discloses the following facts. The plaintiff alleged inability to work since August 6, 1970, at age thirty-eight (38), due to a back injury. She has an eleventh (11) grade education and has worked at farming, as a domestic, and for Corning Glass Works in a job pool, later switching to cafeteria work. She resides in Albion, Michigan.

A medical report from Albion Community Hospital showed that plaintiff was admitted there on November 16, 1970, complaining of low back pain. She had fallen on August 6, 1970, while working in a cafeteria at Corning Glass Works. She was seen shortly thereafter by a doctor and appeared to have a minor injury to her low back and left leg. She was briefly hospitalized to undergo traction. She is an obese person, standing about 5'4" and weighing over two hundred (200) pounds. Otherwise, the med-

cant numbers either in the region where such individual lives or in several regions of the country."
Under 42 U.S.C. § 423(d)(2)(A) the claimant has the burden of proof to establish an inability to engage in his or her regular employment. If, however, the claimant has some residual capacity for light work, the burden is on the Secretary to show what light work the applicant can do and that such work is reasonably available. Jenkins

v. Gardner, 430 F.2d 243 (6th Cir. 1970); Massey v. Celebrezze, 345 F.2d 146 (6th Cir. 1965).

2. 42 U.S.C. § 405(g) prescribes the weight to be afforded the Secretary's findings of fact by providing in pertinent part:
"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ."

ical evidence established that her general physical health was about normal. Her greatest complaint was getting up and down and having to move around and change position either by sitting or standing to be more comfortable and ease the discomfort caused by her back. She does have a slight limp as a result of her back injury, and her leg does not respond to pin-prick tests.

At the administrative hearing plaintiff testified that as a result of her fall and back injury, she had problems with hypertension and passing out; that she was taking medication for pain and high blood pressure; and that she could not stand or sit in one position too long. (Tr.80–82).

The Administrative Law Judge determined at the hearing that plaintiff's back injury was serious enough to preclude her from engaging in the specific type of work she had previously performed at the Corning Glass Company (Tr.92–93). The Judge, however, did not feel the plaintiff's injury precluded her from performing other types of work (Tr.93). The medical basis for this specific finding was reviewed and affirmed by the Division of Reconsideration (Tr.116).

The Judge then inquired from Mr. Russell Patterson, a vocational expert present at the hearing, whether there were light or sedentary jobs available in the area. Mr. Patterson testified that although there were no jobs for which the plaintiff would qualify in Albion, Michigan, there were about thirty-five (35) jobs in Marshall, Michigan, approximately ten (10) to twelve (12) miles away. He further testified there were two hundred (200) or more jobs in Jackson, Michigan, approximately twenty (20) miles away; four hundred (400) jobs in Ann Arbor, Michigan, approximately fifty-five (55) miles away; and one thousand (1000) to two thousand (2000) jobs in Detroit, Michigan, approximately ninety (90) miles away (Tr.95–99). Mr. Patterson also testified that at most of these jobs the plaintiff could sit or stand alternately at her discretion (Tr.97).

■ The record of the proceedings reveals the Administrative Law Judge's decision was based not only on the availability of jobs for which the plaintiff was qualified, but also the capability of the plaintiff to perform these tasks on the basis of an eight (8) hour day, forty (40) hour week (Tr.93). If the plaintiff can perform light work she cannot be held disabled. Ross v. Richardson, 440 F.2d 690 (6th Cir. 1971); Goad v. Finch, 426 F.2d 1388 (6th Cir. 1970).

■ Considering the entire record as a whole, this court finds the final decision of the Secretary was supported by substantial evidence.

■ Plaintiff has contended there were not sufficient jobs available to her in her region. Specifically, she contends the area in which she can be employed must be reasonably accessible and, presumably, within easy commuting range. The plain language of 42 U.S.C. § 423(d)(2)(A), *supra*, simply refutes any notion that a claimant must be afforded employment opportunities in their immediate area. The statute clearly provides that the Secretary need only establish there is available employment, for which the claimant is qualified, in the national economy "regardless of whether such work exists in the immediate area in which he lives". *See also*, Smith v. Gardner, 361 F.2d 822 (6th Cir. 1966); Justice v. Gardner, 360 F.2d 998 (6th Cir. 1966).

Plaintiff has relied on Maxfield v. Finch, C.C.H. U.I.R., Vol. 1, Fed. Para. 15,774 (Apr. 23, 1970) and Torske v. Richardson, C.C.H. U.I.R., Vol. 1, Fed. Para. 16179 (Feb. 3, 1971), for the proposition that 42 U.S.C. § 423(d)(2)(A), correctly interpreted, means work must exist in plaintiff's immediate residential area. These cases are mavericks in a herd of authority to the contrary. Not only are they against the express language of the statute, they are also distinguishable from the present case. In both *Maxfield* and

*Torske* there was a determination by the federal district judge that the claimants were not physically able to commute. In addition, the distances involved were seventy (70) and fifty (50) miles respectively from the claimants' homes. These conditions are not present in this case. There is no evidence in the record that the plaintiff is physically unable to commute. Moreover, there were numerous job opportunities cited in the record which were reasonably accessible to the plaintiff.

During oral argument on this motion, plaintiff contended the Administrative Law Judge had misapplied the burdens of proof of the parties under 42 U.S.C. § 423(d)(2)(A). While it appears defendant's counsel misstated the applicable burdens of proof in their brief in support of their motion for summary judgment, the Administrative Law Judge's hearing decision, which comprises part of the record before the court, does not indicate such an error.

For the foregoing reasons defendant's motion for summary judgment is granted.

So ordered.