George COX, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.

No. 74–C–44.

United States District Court, E. D. Wisconsin.

Feb. 24, 1975.

pursuant to 42 U.S.C. § 405(a), to obtain judicial review of a final decision of the secretary of health, education and welfare, terminating his entitlement to disability insurance benefits.

The plaintiff is 50 years old, has a minimal education and is functionally illiterate. His principal occupation was that of a foundry worker. On July 25, 1970, he suffered gunshot wounds and a leg fracture when he was robbed.

The secretary determined that Mr. Cox had a disability as of July 25, 1970. Accordingly, the plaintiff received benefits from such date. What Mr. Cox challenges is the secretary's subsequent determination, relative to an evaluation of his continuing disability status, that his disability ceased as of March, 1972.

Based on the medical evidence of record (which consists primarily of the results of medical examinations conducted in March, 1972, by Frederick G. Gaenslen, M.D.), the secretary determined that while Mr. Cox was afflicted by a combination of impairments which prevented him from performing his former foundry work, he was not precluded from engaging in activities that did not require rapid mobility, squatting or heavy lifting involving the legs. According to Dr. Gaenslen, Mr. Cox suffers from 1) the residual effects of a fracture of the left femoral shaft; 2) subjective complaints of a constant roaring in his head, and 3) epigastric symptoms not on a continuous basis.

Having determined that Mr. Cox was unable to perform his former foundry work, the secretary was required to designate some other specific area of employment available to him. Keating v. Secretary of H.E.W., 468 F.2d 788 (10th Cir. 1972); Carden v. Gardner, 352 F.2d 51 (6th Cir. 1965). In meeting this burden, the secretary utilized the expertise and experience of Professor Lawrence Blum, who is a vocational expert.

Considering Mr. Cox's physical impairments in light of his age, education and work experience, Professor Blum

Legal Aid Society by Robert LeBell and Jordon B. Reich, Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty. by Leah Lampone, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the parties' cross-motions for summary judgment. The plaintiff brought this action

testified that in his opinion the plaintiff retained the residual capacity to perform numerous types of work activity. Upon the basis of the record as a whole, the secretary determined that Mr. Cox has retained the capacity to engage in light or sedentary work in assembling, inspecting or packing light parts or assemblies, a type of work which exists in the form of significant numbers of jobs in Milwaukee, which is his area of residence. Accordingly, the secretary determined that the plaintiff was not "disabled" for purposes of the Social Security Act. See Ross v. Richardson, 440 F.2d 690 (6th Cir. 1971).

The plaintiff claims that in designating the above categories of employment as ones which remain available to him, the secretary failed to take sufficiently into account his subjective complaints of a roaring in his head, his age and educational background. It is Mr. Cox's position that even if he were hired, the headaches of which he complains would render him unable to perform even light work of the type designated by the secretary.

The record indicates that Mr. Cox does engage in such activities as hunting and fishing, driving, housekeeping, reading, television viewing and what he describes as a lot of walking on the advice of his doctor. Moreover, there exists in the record no evidence of debility caused by the headaches of which he complains. Presumably, a person as tormented as the plaintiff claims himself to be could point to such indicia as loss of appetite, weight or sleep.

I have examined the record of the proceedings below. In my judgment, the secretary's determination that the plaintiff's disability—i. e. his inability to engage in substantial gainful activity —did not continue after March, 1972, is supported by substantial evidence on the record.

Therefore, it is ordered that the plaintiff's motion for summary judgment be and hereby is denied.

It is also ordered that the defendant's cross-motion for summary judgment be and hereby is granted.

It is further ordered that this action be and hereby is dismissed.