935 F.2d 270
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe W. PARKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-2084.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Joe W. Parker appeals the district court's judgment which affirmed the Secretary's decision denying his application for Social Security disability benefits under 42 U.S.C. Sec. 423. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Parker alleged that he became disabled on September 24, 1984, due to back, head and neck pain as well as "nerves." An administrative law judge ("ALJ") denied Parker's claim because he found that Parker's alleged impairments did not prevent him from performing his past work. The ALJ's opinion became the final decision of the Secretary on October 23, 1989, when the Appeals Council denied Parker's request for further review. On August 6, 1990, the district court adopted a magistrate's recommendation and entered a judgment in favor of the Secretary. It is from this judgment that Parker now appeals.
 
 
 3
 The standard of review that applies to this case was articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Id. at 681 (citations omitted).
 
 
 6
 It was Parker's burden to present evidence which showed that he could not perform his past work. Cf. Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989); May v. Gardner, 362 F.2d 616, 617-18 (6th Cir.1966). He has not met this burden with regard to the exertional requirements of his previous jobs. A vocational expert testified that Parker's work as a grounds keeper and as a maintenance man required a medium level of exertion. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. Sec. 416.967(c). None of the medical evidence specifically restricts Parker from lifting objects of this weight. Moreover, Parker's own testimony indicates that he can carry groceries weighing from 25 to 30 pounds. Thus, Parker has failed to submit sufficient evidence to show that he cannot perform the exertional requirements of his past work. Nevertheless, Parker argues: 1) that the ALJ erred by failing to credit his complaints of disabling pain; 2) that his psychiatric impairment meets or equals the requirements of the listing of impairments; and 3) that the vocational expert's testimony indicates that he is disabled.
 
 
 7
 Parker's treating physician, Dr. Wyche, noted that Parker was "totally disabled," and submitted a diagnosis of post traumatic cephalgia, muscle contraction, low back injury, cervical injury, and a post traumatic nervous disorder. This evidence indicates that Parker does have an underlying medical condition that is associated with his alleged pain. However, there is also substantial evidence to support the ALJ's finding that Parker's pain was not severe enough to be disabling. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 8
 A report from Parker's orthopedist indicates that Parker's gait was normal, that his straight leg raising tests were negative, and that he had no muscle spasm. He also reported that Parker's lumbosacral and cervical x-rays were normal. A consulting physician, Dr. Sanghvi, found only slight limitations in Parker's range of motion. He noted that Parker did not limp and that he could walk on his heels and toes, squat, and kneel down. Dr. Sanghvi also reported that Parker was able to perform the straight leg raising test to a full 90 degrees. The ALJ did not err by crediting Dr. Sanghvi's report over that of Dr. Wyche because Dr. Wyche did not support his diagnosis with the results of objectively verifiable tests. See Higgs v. Bowen, 880 F.2d 860, 863-64 (6th Cir.1988) (per curiam).
 
 
 9
 Parker argues that the ALJ failed to consider the effect that his psychological impairments had on his perception of pain. This court has held that allegations of psychogenic pain must be supported by objective evidence. See Young v. Secretary of Health and Human Services, 925 F.2d 146, 150-52 (1990). An evaluation by Parker's psychologist is supported by objective tests; however, these tests do not verify the existence of a psychogenic pain disorder. Moreover, the report of a consulting psychiatrist, Dr. Sheth, confirms the absence of any somatoform disorder. Thus, while the evidence shows an underlying medical condition, Parker has not met the second part of the Duncan test because the severity of his alleged pain is not confirmed by objective physical or psychological testing and his medical condition is not so severe that it would be expected to produce disabling pain.
 
 
 10
 Parker also argues that his psychological impairments meet or equal the impairments that are found at Secs. 12.04 and 12.07 of the listing of impairments. Cf. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Section 12.07 involves somatoform disorders. As discussed above, the medical evidence indicates that Parker does not suffer from this type of disorder. Section 12.04 involves affective disorders. The medical evidence does satisfy the threshold criteria for this type of impairment; however, Dr. Sheth's report clearly indicates that Parker does not have any specific functional limitations which are needed to satisfy the severity requirement of Sec. 12.04. In addition, the ALJ considered Parker's demeanor at the administrative hearing, which arguably contradicted his claims of poor concentration and memory loss. The ALJ did not err by determining that these claims were not credible. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928 (6th Cir.1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990).
 
 
 11
 Finally, Parker argues that the vocational expert did not consider his psychiatric problems, even though the expert acknowledged that an individual's emotional status was pertinent to his ability to tolerate pain. We need not reach this argument because it was not raised in Parker's objections to the magistrate's report. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). However, we note that expert vocational testimony is not required when a finding of non-disability is based on the claimant's ability to perform his past work. See Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.1989); May, 362 F.2d at 618.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.