932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry L. MAPLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 90-3939.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and DOUGLAS W. HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 Harry L. Maple appeals the district court's judgment that affirmed the appellee's denial of his application for social security disability benefits or supplemental security income under 42 U.S.C. Secs. 423 and 1382. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for both parties have waived oral argument in this case.
 
 
 3
 Maple alleged that he became disabled in April of 1984 due to residual pain from three different automobile accidents. He also alleged mental impairments including depression, somatic symptoms, substance abuse and an unspecified personality disorder. An administrative law judge (ALJ) denied Maple's claims because he found that Maple could perform his past work as a truck mechanic or laborer. The Appeals Council remanded the case for consideration of evidence which indicated that Maple had worked since the alleged onset date of his disability. A second ALJ found that Maple had not worked at any time since 1984. However, he also found that the remaining steps in the evaluation process had been adequately addressed in the first hearing and that Maple was not disabled by virtue of his ability to perform his past work. The ALJ's decision became the final decision of the Secretary when the Appeals Council declined further review on March 21, 1990.
 
 
 4
 Maple filed a timely complaint in federal district court, and the parties filed cross motions for summary judgment. On September 10, 1990, the district court granted the Secretary's motion for summary judgment and dismissed the case. It is from this judgment that Maple now appeals.
 
 
 5
 The standard of review that applies to this case was articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Id. at 681 (citations omitted).
 
 
 8
 At his first hearing, Maple testified that he was only able to stand for 15 minutes at a time and that he could only lift ten pounds. Maple's treating physician, Dr. Hard, stated that he was "totally disabled and unable to work." Moreover, in 1984, a consulting neurologist, Dr. Jackson, recommended that Maple refrain from "any kind of physical activity such as required by his previous occupation or by his Armed Forces responsibility for at least the next three months."
 
 
 9
 However, on January 15, 1986, Dr. Gatto prepared a report which indicated that Maple did "not demonstrate any muscle atrophy," that he was "able to squat without difficulty with rising," that he was "able to walk on heels and toes," that there was "no gross paresis," that there were "no ambulatory aids required for ambulation," and that Maple appeared "to be able to do fine and gross manipulation with upper extremities and lower extremities." Moreover, a psychiatric report by Dr. Altman, dated July 7, 1986, noted that there were "no psychiatric signs and symptoms of a post traumatic disorder." He also noted that he was surprised by the statement in Dr. Jackson's report that Maple should refrain from physical activity and stated that this would be counterproductive. Two other doctors indicated that Maple had a somatoform disorder; however, they both described his restrictions from this disorder as either moderate or slight.
 
 
 10
 Maple first argues that Dr. Hard's opinion was entitled to substantial deference because he was Maple's treating physician. See Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988). "However, the ALJ is not bound by conclusory statements of a treating physician ... when good reasons are identified for not accepting them." Id. In the instant case, Dr. Hard's opinion was not entitled to special deference because it was not supported by objective medical tests. See Higgs v. Bowen, 880 F.2d 860, 863-64 (6th Cir.1988) (per curiam).
 
 
 11
 Maple also argues that the Secretary is required to consider the combined impact of all of his impairments which are found to be severe. However, the language of the second ALJ's decision shows that he did consider the combined effect of Maple's impairments. See Loy v. Secretary of Health and Human Services, 901 F.2d 1306, 1310 (6th Cir.1990) (per curiam). The ALJ also incorporated the decision of the first ALJ which carefully reviewed Maple's mental as well as his physical impairments. Therefore, the record shows that the ALJ considered Maple's impairments in combination before reaching his decision. See Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 12
 Maple argues that the Secretary did not give appropriate weight to his claim of disabling psychogenic pain. However, the medical reports of Drs. Gatto and Altman provide substantial evidence to support the ALJ's finding that Maple's complaints of pain were not credible. While there was evidence of an underlying medical condition, the severity of Maple's alleged pain was not confirmed by objective medical evidence. See Young v. Secretary of Health and Human Services, 925 F.2d 146, 150-52 (1990).
 
 
 13
 Finally, Maple cites Social Security Ruling 85-16 for the proposition that vocational testimony and a "work evaluation" were needed before the ALJ could determine his residual functional capacity. However, this ruling merely recommends consideration of a workshop evaluation; it does not require that one be ordered by the ALJ. A finding of non-disability may be made at step four of the sequential analysis without reference to special vocational evidence. Cf.Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.1989). It would have been Maple's burden to present additional evidence regarding his inability to perform his past work at that stage of his administrative hearing. Cf. Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989); May v. Gardner, 362 F.2d 616, 617-18 (6th Cir.1966). A medical advisor testified that the psychiatric evidence was satisfactory to evaluate Maple's impairments. Maple's failure to supplement the record with additional evidence is not grounds for reversing the Secretary's decision.
 
 
 14
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation